DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a jury trial, found defendant-appellant, Tye Galloway, guilty of one count of rape and four counts of gross sexual imposition. Appellant raises the following
 {¶ 2} assignments of error:
 {¶ 3} "First assignment of error
 {¶ 4} "The trial court abused its discretion by denying defendant-appellant's motion to continue, thereby effectively denying him of his right to effective representation by counsel, in violation of his sixth amendment rights.
 {¶ 5} "Second assignment of error
 {¶ 6} "The defendant-appellant was denied a fair trial, when the trial court permitted the jury to ask questions."
 {¶ 7} The facts relevant to this appeal are as follows. On May 3, 2000, an indictment was filed against appellant charging him with three counts of gross sexual imposition and one count of rape. The counts all involved a victim under the age of 13.
 {¶ 8} Appellant, represented by attorney Martin McManus, entered a not guilty plea on May 10, 2000. The trial was set for July 17, 2000. At a pretrial held on July 14, 2000, Mr. McManus requested a continuance of the trial date. In support, counsel indicated that appellant had retained Daniel Grna as co-counsel and that a motion to suppress certain statements would be filed. The court granted the continuance and the matter was reset for trial on August 14, 2000, and an August 3, 2000 hearing on the motion to suppress.
 {¶ 9} At the August 3, 2000 hearing, the motion to suppress was withdrawn; also, the trial court denied appellant's motion to determine the competency of the victim and his motion in limine to prevent the testimony of certain witnesses. Thereafter, the court and the parties discussed the August 14, 2000 trial date. The prosecutor, though not "affirmatively" asking for a continuance, did note that he had been under the impression that "we were dealing with a motion to suppress as a preliminary matter." The state also agreed with the court that another criminal trial was scheduled for the same date. The parties then agreed to vacate the trial date and continue it until September 11, 2000.
 {¶ 10} On September 11, 2000, the date scheduled for trial, Mr. McManus informed the court that his co-counsel was ill and requested a continuance. Mr. McManus indicated that his client retained Mr. Grna separately and that they were not affiliated. Counsel indicated that but for Mr. Grna's illness, he was ready to proceed. In opposition, the state contended that it was the third scheduled trial date, the victim was a young "vulnerable" child and that co-counsel had recently been retained.
 {¶ 11} Thereafter, the following discussion took place:
 {¶ 12} "THE COURT: * * *. "I am more inclined to proceed, pick a jury. If you have any indication Mr. Grna will be available tomorrow, we can delay taking evidence until tomorrow, but this is the third time we've set this case for trial at the request of the defense. I'm going to proceed on this case.
 {¶ 13} "You have two options. We'll just start and go all the way today or as long as we can, or if you have some indication that Mr. Grna will be available — and I understand that he is ill, and I appreciate that, but I think the State and this alleged victim have a right to have a trial take place at this time. Tell me what you wish to do.
 {¶ 14} "MR. MCMANUS: Under the court's wishes we'll proceed with objection by my client.
 {¶ 15} "THE COURT: Sure. And so you're waiving your right to — or not that you have a right, but you want to start, select a jury and go with the testimony?
 {¶ 16} "MR. MCMANUS: Yes, that's fine your Honor."
 {¶ 17} At the close of the state's case, Mr. McManus requested that they recess until the following day so Mr. Grna could be present for appellant's testimony. When questioned as to his request, Mr. McManus indicated that both he and Mr. Grna prepared appellant for trial and that they had not decided who was going to question him. The request was then denied.
 {¶ 18} The jury trial commenced and appellant was found guilty as to all counts. Appellant was then sentenced to an eight year term of imprisonment as to the rape counts and three years for each gross sexual imposition count, to be served concurrently. The instant appeal followed.
 {¶ 19} In appellant's first assignment of error he contends that the trial court denied him of his Sixth Amendment right to representation of counsel when the court denied a continuance due to co-counsel's illness. The state contends that the court acted within its discretion.
 {¶ 20} The grant or denial of a motion for continuance lies within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 67. An appellate court will not reverse the denial of a continuance unless there has been an abuse of discretion. (Citations omitted.) Id. In evaluating the merits of a motion for continuance:
 {¶ 21} "a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." (Citations omitted). Id. at 67-68.
 {¶ 22} Applying the Unger factors, we note that only one continuance, on July 14, 2003, was requested and received by appellant. The continuance of the August 14, 2003 trial date was suggested by the state and agreed to by the parties. We further find that the appellant neither contributed to the circumstances giving rise to the request nor was the request purposeful or contrived.
 {¶ 23} Regarding the inconvenience to the parties, witnesses, and the court we note that Mr. McManus did indicate that other than Mr. Grna's illness he was "ready to go." Further, Mr. McManus did state that both he and Mr. Grna prepared appellant for trial and it had not been determined who was going to conduct the questioning. We are mindful that appellant retained Mr. Grna and wished that he be present at trial. As to the inconvenience to the witnesses, we acknowledge that the minor victim was prepared to testify as to a difficult subject.
 {¶ 24} After balancing the competing factors, we conclude that the trial court did not abuse its discretion by denying appellant's request for a continuance. On the date of trial, appellant was represented by counsel who indicated that he was prepared and wished to proceed despite the court's willingness to delay the taking of evidence until the following day. Further, we recognize the potential harm to the victim witness had the trial been continued. Accordingly, appellant first assignment of error is not well-taken.
 {¶ 25} Appellant's second assignment of error challenges the trial court's practice of permitting jurors to pose questions to the witnesses. Based upon the Ohio Supreme Court's decision in State v.Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761, we find that appellant's second assignment of error is not well-taken.
 {¶ 26} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.