[Cite as *State v. Neeley*, 2013-Ohio-303.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                    :            C.A. CASE NO.     25229

v.                                               :            T.C. NO.     12CRB175

DONALD R. NEELEY                                 :            (Criminal appeal from
                                                 Municipal Court)

     Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    1st    day of     February    , 2013.

. . . . . . . . . .

JAMES F. LONG, Atty. Reg. No. 0004980, City of Kettering Prosecutor's Office, 2325 Wilmington Pike, Kettering, Ohio 45420
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 N. Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Donald R. Neeley appeals his conviction and sentence

for one count of menacing by stalking, in violation of R.C. 2903.211(A)(1), a misdemeanor of the first degree. Neeley filed a timely notice of appeal with this Court on May 24, 2012.

{¶ 2} Neeley was involved in a long term romantic relationship with the victim in the instant case, Brenda Spradlin. The relationship, however, ended in July of 2011. On December 4, 2011, Neeley intentionally rammed his pick-up truck into a passenger vehicle occupied by Spradlin while she was legally parked in a public parking lot in Kettering, Ohio. As a result, on January 12, 2012, Neeley pled guilty to one count of criminal damaging in Kettering Municipal Court Case No. 2011 CRB 2792.

{¶ 3} Subsequent to the ramming incident, Neeley began stalking Spradlin. The record establishes that on several occasions during the month of December, 2011, Neeley followed Spradlin as she drove to work at Meijer on Wilmington Pike in Dayton, Ohio, when her shift began at five a.m. Spradlin testified that while Neeley did not attempt to speak to her, he would follow directly behind in his vehicle until she was almost all the way to her place of employment before driving away. Spradlin also testified that she observed Neeley drive back and forth past her residence several times during the week of December 4 and 11 of 2011.

{¶ 4} Accordingly, on January 24, 2012, Neeley was charged by criminal complaint with one count of menacing by stalking. Neeley's counsel filed a notice of appearance on January 30, 2012. In the same filing, Neeley entered a plea of not guilty to the charged offense and waived his statutory speedy trial time. On May 3, 2012, the matter was tried to the court, and Neeley was found guilty of menacing by stalking. The trial court subsequently sentenced Neeley to 180 days in jail and ordered him to pay a $1,000.00 fine,

$750.00 suspended. The trial court also sentenced Neeley to five years of unsupervised probation. Lastly, Neeley was prohibited from contacting Spradlin and ordered to stay at least fifty feet away from her at all times.[1]

{¶ 5} It is from this judgment that Neeley now appeals.

{¶ 6} Initially, we note that Neeley filed a "Motion for Judicial Notice" with this Court on August 3, 2012. In his motion, Neeley requested that we take judicial notice of seven enumerated "facts" that he asserts are relevant to his appeal. It is a fundamental principle that a reviewing court cannot decide an appeal based upon factual matters which were not before the trial court. *Hubbard v*. Luchansky, 102 Ohio App.3d 410, 657 N.E.2d 352 (11th Dist.1995); *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). It is clear that Neeley never established any of his "facts" before the trial court at any point during the proceedings below. Accordingly, Neeley's motion for judicial notice contains issues which were not properly made part of the record on appeal pursuant to App. R. 9(A). Neeley's motion is, therefore, overruled.

{¶ 7} Because they are interrelated, Neeley's first and second assignments of error will be discussed together as follows:

{¶ 8} "THE CONVICTION CONSTITUTES A DENIAL OF DUE PROCESS AS IT WAS BASED ON INSUFFICIENT EVIDENCE."

{¶ 9} "THE TRIAL COURT ERRED IN CONVICTING MR. NEELEY AS THE

---

[1]During sentencing at the close of the trial, the court orally stated that Neeley was to stay one-hundred feet away from Spradlin at all times upon his release from jail. The judgment entry of conviction, however, states that Neeley was prohibited from coming within fifty feet of Spradlin.

JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 10}   In his first assignment, Neeley contends that the evidence adduced at trial was insufficient to sustain a conviction for menacing by stalking, in violation of R.C. 2903.211(A)(1).   Specifically, Neeley argues that the State presented no evidence that he knowingly engaged in a pattern of conduct as required under R.C. 2903.211(A)(1).   Neeley also asserts that there was insufficient evidence to establish that Spradlin suffered emotional distress as a result of Neeley's conduct.   In his second assignment, Neeley asserts that the his conviction for menacing by stalking was against the manifest weight of the evidence.

{¶ 11}   "A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." *State v. McKnight*, 107 Ohio St.3d 101,112, 2005-Ohio-6046, 837 N.E.2d 315.  "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'   (Internal citations omitted).   A claim that a jury verdict is against the manifest weight of the evidence involves a different test.   'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id*.

{¶ 12}   The credibility of the witnesses and the weight to be given to their testimony

are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997).

{¶ 13} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997).

{¶ 14} R.C. 2903.211(A)(1) defines menacing by stalking and states as follows:

(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

{¶ 15} "Pattern of conduct" is defined as "two or more actions or incidents closely related in time * * *." R.C. 2903.211(D)(1). The culpable mental state of menacing by stalking is "knowingly," which is defined in R.C. 2901.22(B) as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." "Mental distress"

is defined as either of the following:

> (a) Any mental illness or condition that involves some temporary substantial incapacity;

> (b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services. R.C. 2903.211(D)(2).

{¶ 16} "Mental distress need not be incapacitating or debilitating * * * [and] expert testimony is not required to find mental distress." *Perry v. Joseph,* 10th Dist. Franklin Nos. 07AP-359, 07AP-360, 07AP-361, 2008-Ohio-1107, ¶ 8. "A trial court is permitted to rely on its knowledge and experience in determining whether mental distress has been caused." *Id.*

{¶ 17} The evidence adduced at trial established all of the elements necessary to sustain Neeley's conviction for menacing by stalking. Initially, Neeley argues that the evidence fails to establish that he engaged in a pattern of conduct. Spradlin, however, testified that after Neeley rammed her parked vehicle on December 4, 2011, he began following her as she drove to work at Meijer on Wilmington Pike in Dayton, Ohio, when her shift began at five a.m. Spradlin testified that this occurred on several occasions throughout December of 2011. Spradlin testified that while Neeley did not attempt to speak to her on any of these occasions, he would follow directly behind her in his vehicle until she was almost all the way to her place of employment before pulling off. R.C. 2903.211 does not require that explicit threats be made against the victim. *State v. Honeycutt*, 2d Dist.

Montgomery No. 19004, 2002-Ohio-3490. Spradlin also testified that she observed Neeley drive back and forth past her residence several times during the week of December 4 and 11 of 2011. Clearly, the State adduced sufficient evidence to establish that Neeley engaged in a pattern of conduct.

{¶ 18} Moreover, the evidence supports a conclusion that Neeley knowingly engaged in the conduct leading to his arrest for menacing by stalking. Spradlin and Neeley had recently ended a long-term romantic relationship, after which Neeley began a pattern of conduct leading to the instant offense. This conduct began with the vehicle ramming incident on December 4, 2011, and continued for weeks thereafter by following Spradlin at five in the morning to work, as well as "driving by" her residence. The record supports the trial court's finding that Neeley acted knowingly when engaging in this conduct.

{¶ 19} With respect to the element of mental distress, Spradlin testified that as a result of the repeated stalking incidents perpetrated by Neeley, she was, indeed, afraid of him and in distress as a result of his actions. Spradlin also testified that she had a security system installed in her residence because she is afraid of Neeley. In our view, there is sufficient evidence in the record that Spradlin suffered mental distress to support Neeley's conviction for menacing by stalking.

{¶ 20} Lastly, Neeley's conviction is also not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony are matters for the jury to resolve. Spradlin was the sole witness who testified at trial, and her testimony is largely unrebutted. The trial court did not lose its way simply because it chose to believe Spradlin's testimony regarding Neeley's conduct. Having reviewed the entire

record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.

**{¶ 21}** Neeley's first and second assignments of error are overruled.

**{¶ 22}** All of Neeley's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

James F. Long
Jay A. Adams
Hon. Robert L. Moore

Case Name:         *State of Ohio v. Donald R. Neeley*