[Cite as *State v. Phillips*, 2014-Ohio-4335.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-13-1158

       Appellee                              Trial Court No. CR0201301685

v.

Jeronica Phillips                                **DECISION AND JUDGMENT**

       Appellant                             Decided:  September 26, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Jeronica Phillips, appeals the July 9, 2013 judgment of

the Lucas County Court of Common Pleas which, following a jury trial convicting him of

possession of cocaine, sentenced appellant to a prison sentence of ten months plus 861

days for violating the terms of his postrelease control in two prior cases. For the reasons set forth herein, we affirm.

{¶ 2} On May 2, 2013, appellant was indicted on one count of possession of cocaine, R.C. 2925.11(A) and (C)(4)(a). Appellant entered a not guilty plea to the charge. On July 1, 2013, the matter proceeded to trial and the following relevant evidence was presented. On April 4, 2013, at approximately 7:00 to 8:00 p.m., Toledo Police Officers Andrew Crisp and Anthony Barwiler were on patrol in a marked police wagon when they were dispatched to a home on Cone Street in Toledo, Lucas County, Ohio, where a female complainant stated that appellant was "beating" on her door and that she did not want to let him in. The street was a known high-crime area. Upon arrival, they were informed that appellant had just left the premises. The woman informed the officers of the location of appellant's residence and gave a description of his vehicle. The officers proceeded to his residence which was approximately one mile from the Cone location. Just as they arrived, they received a call that appellant had returned to the Cone address.

{¶ 3} Returning to the complainant's street, they observed appellant sitting in the passenger seat of the suspect vehicle. Officer Crisp immediately activated the overhead lights which triggered the dashboard video camera; the video was played twice for the jury and narrated by each officer. Officer Barwiler stated that both he and Officer Crisp ordered appellant to put his hands up but that appellant put and kept his hand in his right pocket. Barwiler stated that he grabbed appellant's right hand to "lock it in place" in case

2.

he had a weapon and that Officer Crisp grabbed appellant's left side. According to Officer Barwiler, the two then effectuated a take-down of appellant. Barwiler stated that Officer Crisp actually spun him and appellant around as they were getting appellant to the ground and that is when, he believed, appellant's hand flew out of his pocket. A plastic baggie containing crack cocaine was found 12 to 24 inches to the right side of where appellant had been on the ground. Although no one was in the immediate vicinity, the officers admitted that it was possible that someone else had dropped the baggie and that there was other garbage on the ground.

{¶ 4} Detective Andre Bills testified that Officer Crisp gave him the baggie of suspected narcotics. It was tested and weighed and positively identified as crack cocaine. The parties stipulated as to the test results. Detective Bills admitted that the baggie was not checked for fingerprints or DNA. Bills indicated that such testing often comes back with inconclusive results.

{¶ 5} Following deliberations, the jury found appellant guilty of possession of cocaine. Appellant was immediately sentenced to ten months of imprisonment and an additional 861 days based on two postrelease control violations. The court ordered the possession sentence to be served consecutive to the postrelease control violations' sentence. This appeal followed.

{¶ 6} Appellant raises four assignments of error for the court's consideration:

    I. The jury verdict was against the manifest weight of the evidence.

    II. The evidence was legally insufficient to support a conviction.

3.

III. The trial court's judicial sanction portion of the sentence is void due to prior sentences improperly imposing post release control.

IV. The trial court abused its discretion in denying appellant's motion to continue the trial.

{¶ 7} Appellant's first and second assignments of error argue that his conviction for possession of cocaine was not supported by legally sufficient evidence and was against the weight of the evidence. Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Sufficiency of the evidence is purely a question of law. *Id.* At its core, sufficiency of the evidence is a determination of adequacy and a court must consider whether the evidence was sufficient to support the conviction as a matter of law. *Id.* The proper analysis is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Williams,* 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 8} In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after:

"reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in

4.

resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id*., quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 9} Appellant was convicted of one count of possession of cocaine, R.C. 2925.11(A) and (C)(4)(a), which required that the state prove that appellant knowingly possessed a controlled substance in an amount of less than five grams. It is undisputed that the substance recovered was cocaine, a controlled substance, and that it weighed 2.39 grams. The central issue is whether appellant possessed the cocaine.

{¶ 10} The term "possession" is defined in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be constructive or actual. Constructive possession is shown when a person "knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson,* 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. While close proximity to contraband is insufficient alone to prove constructive possession, it can be used as circumstantial evidence to establish constructive possession. *State v. Chapman,* 73 Ohio App.3d 132, 138, 596 N.E.2d 612 (3d Dist.1992). Constructive possession can be

5.

inferred from a totality of the circumstances. *State v. Norman,* 10th Dist. Franklin No. 03AP-298, 2003-Ohio-7038, ¶ 31.

{¶ 11} Viewing the evidence in a light most favorable to the state, we find that there was legally sufficient evidence to demonstrate that appellant possessed the cocaine. When approached by police, appellant had his right hand in his coat pocket. Officers told him to remove his hand several times and he did not comply. When securing appellant through a take down, appellant and Officer Barwiler were spun around and appellant's hand flew out of his pocket. The baggie was found within two feet to the right of where appellant was on the ground. There were no other individuals in the vicinity.

{¶ 12} We further find that appellant's conviction was not against the manifest weight of the evidence. Reviewing the entire record and weighing the evidence and considering the credibility of the witnesses, we cannot say that the jury lost its way or created a manifest injustice. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Appellant's first and second assignments of error are not well-taken.

{¶ 13} In appellant's third assignment of error he contends that the portion of his sentence relating to the postrelease control violations is void due to the improper imposition of postrelease control in the underlying criminal cases. Related to this assignment of error, appellant filed a motion to supplement the record with the judgment entries from the two cases forming the basis for the postrelease control violations.

{¶ 14} In a case considering whether appellate counsel was ineffective, this court addressed the issue of supplementing appellate records with materials from non-appealed

6.

cases.  *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2014-Ohio-1898.  In *Murray*, we reopened an appeal for consideration of whether appellate counsel was ineffective by, inter alia, failing to supplement the record with the sentencing hearing transcripts which formed the basis of the argument that postrelease control was improperly imposed.  *See State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996 (on direct appeal, the argument was rejected because the 2005 transcript not part of the 2009 case).  We further considered a motion to supplement the appellate record with the sentencing transcripts.

{¶ 15} Again rejecting appellant's arguments and motion to supplement, we found that the appellant's trial counsel could have raised the issue in the 2009 case because the prison term imposed "relie[d] upon the validity of the postrelease control violation." *Id.* at ¶ 11.  We determined that because it was not raised below:

> appellate counsel was unable to raise the issue on appeal because it would have been impossible to prove the alleged error without the 2005 sentencing hearing transcript having been made a part of the trial court record and appellate counsel had no basis for seeking to include the transcript in the appellate record.  (Citations omitted.)  *Id.*

{¶ 16} Likewise, in the present case, neither the 2005 nor the 2009 judgment entries were part of the trial court record.  Accordingly, we must presume the regularity of the prior proceedings and we find appellant's third assignment of error not well-taken.  We further find that appellant's motion to supplement the record is not well-taken and is denied.

7.

**{¶ 17}** In appellant's fourth and final assignment of error he argues that the trial court erred when it denied a motion to continue the trial date. A trial court had broad discretion in deciding whether to grant a continuance. *State v. Galloway*, 6th Dist. Lucas No. L-00-1362, 2003-Ohio-5681, ¶ 20, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). In evaluating the merits of a motion for continuance:

> "a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." (Citations omitted). *Id.* at ¶ 21, quoting *Unger* at 67-68.

**{¶ 18}** In the present case, the trial was initially continued from Thursday, June 27, 2013, to Monday, July 1, 2013, at the request of the defendant. On the morning of trial, defense counsel again requested a continuance to July 30, 2013, in order to meet with new potential witnesses. Counsel had made the court aware of the issue the preceding Friday but stated that he was unable to connect with the witnesses over the weekend. The court denied the motion noting that counsel had the weekend to interview witnesses and that they "should have been talked to early in the case."

8.

{¶ 19} Reviewing the record, we cannot find that the trial court abused its discretion when it denied appellant's motion for a continuance. Appellant's fourth assignment of error is not well-taken.

{¶ 20} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant's motion to supplement the record is not well-taken and is denied. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                   _____

JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.                                   _____

CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.