[Cite as *State v. Phillips*, 2017-Ohio-8769.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-16-1097

     Appellee                                           Trial Court No. CR0200503470

v.

Jeronica Elemule Phillips                          **DECISION AND JUDGMENT**

     Appellant                                          Decided:  December 1, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a delayed appeal[1] from a judgment of the Lucas County Court of

Common Pleas in case No. CR0200503470 which sentenced appellant to a prison term

---

[1] This court granted appellant's motion for leave to file a delayed appeal.  *See State v. Phillips*, 6th Dist. Lucas No. L-16-1097 (Aug. 3, 2016).

and postrelease control for violation of his community control sanction. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On March 8, 2006, following a jury trial, appellant Jeronica Elemule Phillips was convicted of burglary, a violation of R.C. 2911.12(A)(2), a felony of the second degree. R.C. 2911.12(C), effective July 1, 1996.

{¶ 3} Thereafter, on April 5, 2006, appellant was sentenced to serve a mandatory four-year prison term. Appellant and his attorney were present for this felony sentencing hearing. As reflected in the April 5, 2006 hearing transcript, the trial court stated, in part:

> The Court finds pursuant to Ohio Revised Code 2929.11 that the defendant is not amenable to community control and therefore orders the defendant to serve a term in prison of four years of which four year is mandatory * * * After release, *if* post-release control is imposed, for violation of post-release control conditions the adult parole authority or parole board may impose a more restrictive or longer condition, return the defendant to prison for up to nine months for each violation up to a maximum of 50 percent of the originally stated term; and if the violation is a new felony, the defendant may be returned to prison for the greater of one year or the time remaining on the post-release control in addition to prison for conviction of the new felony. And defendant's found not to have or reasonable be expected to have the means to pay restitution and all costs,

2.

and those costs will therefore be waived. Thank you. (Emphasis in italics added.)

{¶ 4} Also on April 5, 2006, appellant signed, along with his attorney and the trial court, a "Notice Pursuant to R.C. 2929.19(B)(3)" which states, in part:

Defendant, being represented by counsel, certifies the reading of this notice and acknowledges understanding the following sentencing component which shall apply: **If the Court sentences defendant to prison for a stated prison term**: Defendant is notified that **as an automatic part of this sentence**, if crimes are committed in prison, the parole board under R.C. 2967.11 may administratively extend defendant's prison term in 15, 30, 60 or 90 day increments up to a maximum of 50% of the stated term. A term of post-release control after prison **will** be imposed following prison release for an * * * F2 * * * For violating post release control conditions, the adult parole authority or parole board may impose a more restrictive or longer control sanction, including a nine month prison term for each violation, up to a maximum of 50% of the stated term originally imposed. If the violation is a new felony, defendant may be returned to prison for the greater of one year or the time remaining on post release control in addition to prison upon conviction of the new felony.

(Bold in original.)

This Notice was journalized on April 7, 2006.

3.

{¶ 5} Also journalized on April 7, 2006, was the trial court's judgment entry, which states in part:

On April 5, 2006 defendant's sentencing hearing was held pursuant to R.C. 2929.19 * * * defense attorney JACK VIREN * * * [was] present as was the defendant who was afforded all rights pursuant to Crim.R. 32 * * *

The Court finds that defendant has been convicted of Burglary, a violation of R.C. 2911.12(a)(2), a felony of the 2nd degree.

It is ORDERED that defendant serve a term of 4 (four) years in prison of which 4 (four) years is mandatory.

Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28.

{¶ 6} At the time of the judgment entry, the felony sentencing statute stated, in part, as follows:

(B)(3) * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the * * * second degree * * *.

R.C. 2929.19(B)(3), effective Apr. 29, 2005.

4.

{¶ 7} Also at the time of the judgment entry, the postrelease control statute stated, in part, as follows:

> (B) Each sentence to a prison term for * * * a felony of the second
>
> degree * * * shall include a requirement that the offender be subject to a
>
> period of post-release control imposed by the parole board after the
>
> offender's release from imprisonment. Unless reduced by the parole board
>
> pursuant to division (D) of this section when authorized under that division,
>
> a period of post-release control required by this division for an offender
>
> shall be of one of the following periods:
>
>     * * *
>
> (2) For a felony of the second degree that is not a felony sex offense,
>
> three years * * *.

R.C. 2967.28(B), effective Mar. 31, 2003.

{¶ 8} Appellant appealed his felony burglary conviction and sentence on the grounds of voir dire error, and this court affirmed his conviction and sentence. *See State v Phillips*, 6th Dist. No. L-06-1135, 2007-Ohio-2150.

{¶ 9} On February 16, 2007, appellant sought judicial release from the trial court pursuant to R.C. 2929.20(B)(2), then in effect. The judicial release statute at that time stated, in part, the following:

5.

(A) As used in this section, "eligible offender" means any person serving a stated prison term of ten years or less when either of the following applies:

* * *

(2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term.

* * *

(I) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. * * *

R.C. 2929.20, effective Nov. 23, 2005. The trial court denied his motion on May 21, 2007.

{¶ 10} On July 30, 2007, appellant again sought judicial release from the trial court. The trial court held a hearing on October 15, 2007, regarding appellant's motion, appellant and his attorney were present, and this time appellant was successful. As reflected in the hearing transcript, the trial court advised appellant of the following:

Defendant present in court with Attorney Viren. Prosecutor Robert Clark present on behalf of the State of Ohio. Hearing is held on defendant's motion for judicial release. The sentence that was previously imposed on April 5th, 2006 is hereby ordered suspended and defendant is ordered placed on community control as a part of his judicial release for a period not to exceed four years and the conditions are that he is to be in full compliance with the rules and regulations of the Lucas County Adult Probation Department and the following special conditions: Defendant is to abide by all laws of this State and nation and may not leave the State of Ohio without permission of the Court or his supervising probation officer; defendant is to be assessed for any alcohol or drug addiction and is to abide by any treatment recommendations and to abide by that as well as any after-care; defendant is also to submit to a random urinalysis; defendant is to maintain – seek and maintain full-time employment and he is to make restitution to the victim. Defendant is notified that a violation of this

7.

community control or a violation of law or leaving the State without permission of the Court of probation officer will lead to a longer or more restrictive sanction for the defendant including the balance of the prison term that was originally imposed, and that was a prison term of four years. Defendant is further found to have or reasonably may be expected to have the means to pay any and all costs of supervision and confinement, assigned counsel and prosecution, as authorized by law. And defendant is so ordered to reimburse the State of Ohio and County of Lucas for such costs, and this order of reimbursement is a judgment enforceable pursuant to law by the party in whose favor it is entered.

{¶ 11} In its judgment entry journalized on October 18, 2007, the trial court confirms the foregoing conditions of appellant's community control sanction. Appellant did not appeal this modified sentence.

{¶ 12} Soon after his judicial release, appellant renewed his involvement with the criminal justice systems in Toledo Municipal Court, Perrysburg Municipal Court, and Wood County Court of Common Pleas. In addition to multiple criminal convictions in these other jurisdictions while on judicial release, appellant also failed to comply with the specific conditions of his community control sanction.

{¶ 13} Finally, on March 22, 2010, the Lucas County trial court held a judicial release revocation hearing. Appellant and his attorney were present. Appellant admitted to violating his community control sanction while on judicial release. Consequently, the

trial court revoked the judicial release granted on October 18, 2007, along with appellant's community control sanction.

{¶ 14} As reflected in the March 22, 2010 hearing transcript, the trial court advised appellant of its decision to revoke both judicial release and the community control sanction. The trial court also advised appellant of its initial sentencing decision for violating the community control sanction as follows:

Defendant present in Court with Attorney Viren. Defendant is found to have been in violation of his community control. And the Court's order of judicial release that was granted is hereby ordered revoked and defendant's community control is ordered revoked and the balance of the sentence that was imposed is ordered to be served. Thank you.

{¶ 15} The trial court's judgment entry of the March 22, 2010 hearing, journalized on March 26, 2010, affirms what occurred at the hearing and states, "Defendant having admitted to a community control violation and having waived oral hearing, is found in violation of community control. Court ordered community control previously imposed be revoked. * * * It is ORDERED that defendant serve the balance of mandatory 4 (four) year prison term." Appellant was credited for days already served and while awaiting transportation.

{¶ 16} Then on March 24, 2010, appellant and his attorney again appeared before the trial court for further sentencing. Appellant does not include in the record the transcript of the March 24, 2010 hearing. App.R. 9(A)(1). However, as reflected in the

9.

trial court's judgment entry dated March 31, 2010, and journalized April 7, 2010, the trial court states the following occurred at that hearing:

> Sentencing Judgment Entry correction pursuant to **State v. Singleton, 2009-Ohio-6434**.
>
> March 24, 2010.  Court Reporter JANET TERRY ordered.  State of Ohio: MICHAEL BAHNER.  JACK VIREN present on behalf of the defendant.  Defendant, JERONICA ELEMULE PHILLIPS present in court.
>
> Defendant given notice of appellate rights under R.C. 2953.08 and **defendant notified of Mandatory three (3) years of post release control as well as the penalty for violating post release control** under R.C. 2929.19(B)(3) and R.C. 2967.28.  (Capitals and bold in original.)

{¶ 17} At the time of the resentencing hearing, the felony sentencing statute stated, in part, as follows:

> (3) * * * if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the * * * second degree * * * If a court imposes a sentence including a prison term of a type described in

division (B)(3)(c) of this section *on or after July 11, 2006*, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. * * *

* * *

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) * * * of this section, and if the offender violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term *on or after July 11, 2006*, the failure of a court to notify the offender pursuant to division (B)(3)(e) of this section that the parole board may impose a prison term as described in division (B)(3)(e) of this section for a violation of that supervision * * * or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation

of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. * * *

R.C. 2929.19(B)(3), effective Apr. 7, 2009. (Emphasis in italics added.)

{¶ 18} At the time of the resentencing hearing, the postrelease control statute stated, in part, as follows:

(B) Each sentence to a prison term for * * * a felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division *on or after July 11, 2006*, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. * * * Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

\* \* \*

(2) For a felony of the second degree that is not a felony sex offense, three years \* \* \*.

R.C. 2967.28(B), effective Apr. 7, 2009.  (Emphasis in italics added.)

{¶ 19} It is from the trial court's April 7, 2010 journalized judgment entry which appellant filed his delayed appeal on May 10, 2016, and amended on August 15, 2016.

{¶ 20} Appellant sets forth one assignment of error:

The trial court improperly imposed post-release control, failed to properly resentence appellant within the allowable time period and, therefore, appellant's entire sentence is void.

{¶ 21} In support of his sole assignment of error, appellant argues that his original sentence on April 5, 2006, for burglary, a felony in the second degree, failed to impose any mandatory postrelease control as required pursuant to R.C. 2967.28(B) in effect at that time.  Relying on the Ohio Supreme Court's holding in *Williams*, which cited *Singleton*, appellant argues that original failure voided his entire sentence.  *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 21; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 18, 25, 36.  We note that the Ohio Supreme Court subsequently clarified *Singleton* that only the offending portion of his sentence was void, not the entire sentence.  *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.

13.

{¶ 22} Appellant further argues he has never had a timely resentencing hearing for the offending postrelease control portion of his April 5, 2006 felony sentence as required by the Ohio Supreme Court that was either de novo or held prior to his 2007 judicial release from prison. *Singleton* at ¶ 1. Appellant concludes that since appellant completed his 2006 felony sentence as of June 29, 2012, appellee is no longer entitled to demand a new sentencing hearing to correct the postrelease control error. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6. In response appellee argues that appellant is confusing his 2006 felony sentence for burglary with his separate 2010 sentence for violating his community control sanction, which was not a resentencing of his 2006 burglary conviction. We agree.

{¶ 23} Appellee argues that the trial court docket clearly shows the judgment entries journalized March 26, 2010, and April 7, 2010, were for the same event: the revocation of judicial release and the community control sanction, and not for appellant's original 2006 burglary conviction. The hearing dates were March 22, 2010, and March 24, 2010, only two days apart. At the March 22, 2010 hearing, the trial court found appellant violated the terms of his community control sanction and imposed the initial sentence for that violation. At the subsequent March 24, 2010 hearing, the trial court also imposed mandatory postrelease control. We conclude appellant errs in characterizing as "sua sponte" the March 24, 2010 sentencing hearing for appellant's violation of his community control sanction while on judicial release at which appellant, his attorney, plaintiff's attorney, the trial court, and court reporter were present. The trial

14.

court complied with the statutory requirements in effect at that time for sentencing appellant for violating his community control sanction. *See* R.C. 2929.15(B), effective Apr. 7, 2009; *see also* R.C. 2929.19, effective Apr. 7, 2009; *see also* R.C. 2929.20(K), effective Apr. 7, 2009; *see also* R.C. 2929.141, effective Apr. 7, 2009; *see also* R.C. 2929.191(C), effective July 11, 2006.

{¶ 24} Appellee further argues the postrelease control portion of appellant's 2010 sentence for his community control sanction violation is also valid according to the Ohio Supreme Court in *Singleton*. Because 2010 sentencing occurred after July 11, 2006, any omission with respect to R.C. 2967.28 postrelease control in the trial court's judgment entry journalized March 26, 2010, does not "negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code." R.C. 2929.19(B)(3)(c), effective Apr. 7, 2009. The same savings language applies to a trial court's failure to notify the offender of the consequences of violating postrelease control: it does not "negate, limit, or otherwise affect the authority of the parole board to so impose a prison term * * *." R.C. 2929.19(B)(3)(e), effective Apr. 7, 2009. The same savings language applies to any omission by the trial court at the sentencing to notify the offender of his postrelease control obligations or to enter it on the journal does "not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender * * *." R.C. 2967.28(B), effective Apr. 7, 2009. The same savings language applies to any omission by the trial court at the sentencing to notify the offender of his postrelease control

15.

obligations or to enter it on the journal does "not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender * * *." R.C. 2929.14(F)(1), effective Apr. 7, 2009. We conclude the collective impact of these statutes make clear these sentencing irregularities occurring on or after July 11, 2006 did not negate, limit or otherwise affect appellant's mandatory period of three-years postrelease control supervision.

{¶ 25} With respect to appellant's focus on the postrelease control portion of his 2006 sentence, even if the trial court failed to impose the statutorily mandated postrelease control, only that portion of his sentence would be void and set aside. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 26. That result does not support appellant's argument for reversible error in this appeal. It is undisputed this court previously affirmed appellant's appeal of the trial court's 2006 conviction and sentence. The principles of res judicata still apply to his underlying burglary conviction and felony sentence. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7 (only the offending portion of the sentence is subject to review and correction, and res judicata otherwise applies). Thus, appellant's mandatory prison term of four years for felony burglary from his 2006 sentence remains valid.

{¶ 26} Appellant further admits on October 18, 2007, the trial court granted him judicial release with a community control sanction, which appellant also admitted to violating during the March 22, 2010 revocation hearing. Appellant was properly advised at the October 15, 2007 hearing that "a violation of this community control or a violation

16.

of law or leaving the State without permission of the Court of probation officer will lead to a longer or more restrictive sanction for the defendant including the balance of the prison term that was originally imposed, and that was a prison term of four years." Moreover, the judgment entry journalized on October 18, 2007, states, "Defendant notified that violation of community control, violation of any law, or leaving this state without permission of the court or probation officer, will lead to a longer or more restrictive sanction for defendant, including the balance of prison term." The community control sanction statute in effect at the time of appellant's judicial release stated if the conditions of a community control sanction are violated the sentencing court may impose a longer time under the same sanction up to a five-year limit, a more restrictive sanction or impose a prison term. R.C. 2929.15(B), effective Sept. 23, 2004. Thus, appellant received ample notice of the consequences for violating his community control sanction, and the trial court complied with the statutory mandates.

{¶ 27} Interestingly, appellant did not meet the statutory definition of an "eligible offender" to receive a modified sentence of judicial release at the time the trial court granted it. R.C. 2929.20(A)(2), effective Nov. 23, 2005. Appellant was under a mandatory four-year prison term which was to run until 2010. Yet appellant sought judicial release from prison in 2007, which was well before his four-year mandatory prison term for burglary expired in 2010. Appellant's judicial release was not appealed by either party. In any event, the trial court granted appellant judicial release on

17.

October 18, 2007, and modified his original sentence by placing him on a community control sanction for four years. R.C. 2929.20(I), effective Nov. 23, 2005.

{¶ 28} In addition to the trial court's notices provided at the hearing and in its journalized judgment entry, the judicial release statute in effect at that time stated the court "shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." *Id.* Thus, the trial court met its statutory mandate with respect to appellant's judicial release violation.

{¶ 29} Appellant did not appeal his October 18, 2007 sentence, nor did he choose to stay out of trouble until October 18, 2011, the expiration date of his community control sanction under judicial release. As a result of violating his community control sanction, at the March 22, 2010 revocation hearing, the trial court ordered appellant to serve the balance of his four-year sentence for burglary. *See* R.C. 2929.15(B), effective Apr. 7, 2009; *see also* R.C. 2929.20(K), effective Apr. 7, 2009. He was credited with 639 days, bringing appellant's new, estimated release date to June 29, 2012. The trial court did not notify appellant of any postrelease control at that hearing. As previously discussed, this omission did not void his new sentence entirely. Thus, appellant's mandatory prison term for his judicial release violation remains valid.

18.

{¶ 30} It is well-settled that a court generally speaks only through its journal. *State v. Grimes*, 2017-Ohio-2927, ¶ 8. It is also well settled that where appellant did not include a transcript of the March 24, 2010 resentencing hearing, we must assume the regularity of the hearing. *Id.* at ¶ 20. Therefore, we must presume appellant was properly notified of mandatory postrelease control at the sentencing hearing because of the journalized judgment entry on April 7, 2010. Both the hearing and the judgment entry occurred well after July 11, 2006. It is clear to this court the trial court was not resentencing appellant for his 2006 burglary conviction, but rather it sentenced him for his 2010 violation of judicial release and community control sanction. According to the Ohio Supreme Court, "criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at paragraph two of the syllabus.

{¶ 31} The statutory procedures required by *Singleton* and in effect on March 24, 2010, were, in part:

> (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division.* * *

R.C. 2929.191(C), effective July 11, 2006.

**{¶ 32}** The record before this court shows the trial court followed *Singleton* and R.C. 2929.191(C). Appellant's resentence hearing for violating his judicial release and community control sanction to include mandatory postrelease control was held March 24, 2010, and journalized by judgment entry on April 7, 2010, well before the expiration of his June 29, 2012 release date. Appellant and his attorney were present for that hearing. Moreover, the record shows the trial court properly limited the resentencing correction to postrelease control with res judicata applying to the remainder of the sentence. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 28-30. The trial court's reference to R.C. 2967.28 in the judgment entry journalized on April 7, 2010, was sufficient to provide all the required advisements regarding postrelease control to appellant at his March 24, 2010 resentencing hearing resulting in a valid postrelease control sentence. *Grimes*, 2017-Ohio-2927, at ¶ 12-13, 19.

**{¶ 33}** In further support of his sole assignment of error, appellant seeks to collaterally attack criminal sentencing events from convictions in two other cases not before this court. Appellant argues his other 2010 felony sentence was void, including mandatory postrelease control, for pled convictions in Wood County for cocaine trafficking and attempted tampering with evidence. *See State v. Phillips*, Wood C.P. No. 2009-CR-0148 (Apr. 30, 2010). This, in turn, he argues, meant that his subsequent Lucas County 2013 sentence, including mandatory postrelease control, for felony conviction after jury trial for cocaine possession was void. He argues the result was he "wrongly

served an additional eight hundred and ninety-one (891) days for violating void post-release." *See State v. Phillips*, Lucas C.P. No. CR0201301685 (July 9, 2013). He also argues he is subject to three years of postrelease control following release from "the previously mentioned improperly imposed eight hundred and ninety-one (891) days." It is clear to this court, however, that the three years of postrelease control appellant argues as improper stems from sentencing judgments not issued by the Lucas County Court of Common Pleas in CR0200503470, but by courts in other jurisdictions or cases.

{¶ 34} Appellant argues the 2010 Wood County sentence is properly before this court because "it is a public record from a trial court within this Court's jurisdiction that Lucas County Common Pleas used as justification to issue an unjust prison sentence against a defendant." We disagree. Appellant is confusing his voluminous criminal history. The record of the Lucas County case before this court, CR0200503470, does not contain any entry using the April 3, 2010 Wood County sentence as "justification" for appellant's prison sentence. In fact, it would be impossible for the Lucas County trial court to be influenced by an April 3, 2010 judgment entry in Wood County since the only sentencing hearings in CR0200503470 occurred April 5, 2006, October 15, 2017, March 22, 2010 and March 24, 2010.

{¶ 35} Appellant urges us to follow the precedent set in *Murray* and *Milazo*. However, these decisions do not support appellant's argument. In *Murray*, this court stated that because appellant failed to include in the record a transcript of the sentencing hearing, we must presume the propriety of that hearing and find that appellant was

21.

properly notified of postrelease control at the sentencing hearing. *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 25 (6th Dist.). This supports our conclusion to presume the regularity of the March 24, 2010 resentencing hearing. In *Milazo*, this court also stated that because appellant failed to include in the record a transcript of the sentencing hearing, we must presume the propriety of that hearing and find that appellant was properly notified of postrelease control in his plea agreement. *State v. Milazo,* 6th Dist. Lucas No. L-07-1264, 2008-Ohio-5137, ¶ 18-20. This also supports our conclusion to presume the regularity of the March 24, 2010 resentencing hearing. Neither *Murray* nor *Milazo* allowed appellant to include in the appellate record a judgment entry from another case, regardless whether it is in the public record or within the same geographic jurisdiction of this court.

{¶ 36} This is not a matter of appellant asking this court to take judicial notice of prior proceedings in the same case. *State v. Treen*, 6th Dist. Ottawa No. OT-99-060, 2000 Ohio App. LEXIS 2083, *6 (May 19, 2000). This is a matter of appellant asking this court to somehow supplement the record with attachments to his appellate briefs, which are simply not part of the record. *Id.*; *see* App.R. 9(A)(1) ("The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases."); *see also State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979), fn. 1.

22.

**{¶ 37}** Appellee argues that appellant cannot collaterally attack his 2010 Wood County and 2013 Lucas County felony convictions and sentences which are not part of this appeal nor properly in the record before this court. App.R. 9; *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.3d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Appellee further argues this court may not take judicial notice of facts not raised and subjected to a determination in the trial court. *City of Hubbard v. Luchansky*, 102 Ohio App.3d 410, 413-414, 657 N.E.2d 352 (11th Dist.1995); *State v. Neeley*, 2d Dist. Montgomery No. 25229, 2013-Ohio-303, ¶ 6. We agree. The Ohio Supreme Court was clear when it authorized only certain collateral attacks: "The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 40. Appellant's 2010 Wood County and 2013 Lucas County felony convictions and sentences were simply not issues arising at the March 24, 2010 Lucas County resentencing hearing in case No. CR0200503470.

**{¶ 38}** In the first instance, this court already noted that appellant failed to appeal his 2010 Wood County felony convictions and sentences, including postrelease control, so those matters are not before this court. *See Phillips*, 6th Dist. Lucas No. L-16-1097 (Aug. 3, 2016). In the second instance, appellant previously appealed his 2013 felony conviction and sentence on the grounds his conviction was against the manifest weight of

23.

the evidence, and this court affirmed the jury's conviction and the trial court's sentencing judgment. *See State v Phillips*, 6th Dist. No. L-13-1158, 2014-Ohio-4335. Appellant did not appeal any postrelease control issues with respect to his 2013 Lucas County felony conviction, so that matter is not before this court. The only matter raised by appellant in this case is the mandatory postrelease control for his 2010 judicial release violation in Lucas County case No. CR0200503470, and the record before this court does not indicate the trial court sentenced appellant in 2010 based on any postrelease control violation for his 2006 sentence. Appellant's reliance on a 2007 decision from the Tenth District Court of Appeals to equate "substantial compliance" irregularities surrounding a defendant's guilty plea to irregularities in appellant's 2006 jury conviction and sentencing is misplaced. *See State v. Veney*, 10th Dist. Franklin No. 06AP-523, 2007-Ohio-1295, ¶ 6-7.

{¶ 39} We note in the record of this case appellant sought to supplement the appellate record, which this court granted, but at no time did appellant seek to supplement the record with the court records from his other criminal proceedings. *See Phillips*, 6th Dist. Lucas No. L-16-1097 (Dec. 15, 2016).

{¶ 40} Appellant urges this court to adopt the reasoning of the Scioto County Court of Common Pleas in yet another collateral attack on his 2006 sentence. *See State ex rel. Jeronica Phillips #687-125 v. Erdos*, Scioto C.P. No. 15CIH00042 (Mar. 8, 2016). According to appellant, the Scioto County trial court "case law clearly supports

24.

appellant's position." We disagree for the reasons previously set forth. We note that appellant did not obtain the relief he sought from the Scioto County trial court.

{¶ 41} We find the record and the law clearly and convincingly supports appellant's sentence by the trial court. Appellant's sole assignment of error is not well-taken.

{¶ 42} On consideration whereof, we find that substantial justice has been done in this matter and the sentencing judgment of the trial court to be lawful. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
                _____
                           JUDGE
Thomas J. Osowik, J.

                _____
Christine E. Mayle, J.                   JUDGE
CONCUR.

                _____
                           JUDGE